FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 16, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRAVIS M., | No. 4:18-cv-05121-SAB |
| Plaintiff, | |
| v. | **ORDER GRANTING** |
| COMMISSIONER OF SOCIAL | **DEFENDANT'S MOTION FOR** |
| SECURITY, | **SUMMARY JUDGMENT** |
| Defendant. | |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 and 15. The motions were heard without oral argument. For the reasons set forth below, the Court grants Defendant's motion for summary judgment and denies Plaintiff's motion for summary judgment.

### JURISDICTION

On March 21, 2014, Plaintiff filed a Title II application for a period of disability and disability insurance benefits. Plaintiff also filed a Title XVI application for supplemental security income on January 24, 2014. In both applications, Plaintiff alleged a disability onset date of July 1, 2008. These claims were denied initially on September 18, 2014, and upon reconsideration on November 19, 2014. Thereafter, Plaintiff filed a written request for a hearing.

On October 11, 2016, a hearing was held before an Administrative Law Judge (ALJ) in Kennewick, Washington. Plaintiff was present and represented by

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT^ 1**

his attorney, Chad Hatfield. An impartial vocational expert was also present at the hearing.

The ALJ issued an unfavorable decision on March 17, 2017, AR 13, and the Appeals Council denied Plaintiff's request for review on May 14, 2018. AR 1. Plaintiff filed a timely appeal to the United States District Court for the Eastern District of Washington on July 13, 2018. ECF No. 1. This matter is properly before the Court under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person meets the definition of disabled under the Social Security Act. 20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

At step one, the ALJ must determine whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. § 404.1572. If the individual is engaged in substantial gainful activity, he or she is not disabled. 20 C.F.R. § 404.1571. If not, the ALJ proceeds to step two.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT^ 2**

At step two, the ALJ must determine whether the claimant has a severe medically determinable impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe medically determinable impairment or combination of impairments, he or she is not disabled. If the ALJ finds the claimant does have a severe impairment or combination of impairments, the ALJ proceeds to step three.

At step three, the ALJ must determine whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525; 20 C.F.R. § 404. Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. If not, the ALJ proceeds to the fourth step.

Before considering step four, the ALJ must determine the claimant's "residual functional capacity." 20 C.F.R. § 404.1520(e). An individual's residual functional capacity is his or her ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. § 404.1545(a)(1). In making this finding, the ALJ must consider all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3).

At step four, the ALJ must determine whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. § 404.1520(e)-(f). If the claimant can still perform past relevant work, he or she is not disabled. If the ALJ finds the claimant cannot perform past relevant work, the analysis proceeds to the fifth step.

At step five, the burden shifts to the Commissioner to prove the claimant is able to perform other work in the national economy, taking into account claimant's age, education, work experience, and residual functional capacity. 20 C.F.R. §

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT^ 3**

404.1520(g). To meet this burden, the Commissioner must establish (1) the claimant is capable of performing other work; and (2) such work exists in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

## STATEMENT OF FACTS

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized here.

Plaintiff was 20 years old on the date he alleges his disability began on July 1, 2008. AR 26. Plaintiff completed high school and testified that he graduated at the top of his class with a 3.8 grade point average and took advanced placement classes. AR 49. Plaintiff testified that he was a starting varsity football player on his high school's team and won a state football championship in 2003. *Id*. Plaintiff alleges disability due to gastroparesis, gastritis, cyclical vomiting syndrome, pancreatitis, chronic nausea and pain, acid reflux, and asthma. AR 221.

## THE ALJ'S FINDINGS

**At step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 1, 2018, the alleged onset date. AR 18.

**At step two**, the ALJ found Plaintiff had the following severe impairments: gastroparesis, cyclic vomiting syndrome, asthma, history of deep venous thrombosis, opioid abuse, and marijuana dependence. AR 18.

**At step three**, the ALJ found Plaintiff's impairments did not meet or medically equal any of the listed impairments in the Listings. AR 19.

Before reaching step four, the ALJ found Plaintiff had the residual functional capacity:

To perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) except [Plaintiff] can occasionally climb, kneel, crouch, and crawl. [Plaintiff] can frequently balance and stoop. [Plaintiff] is limited to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT^ 4

occasional exposure to vibration and pulmonary irritants such as dust, fumes, odors, gases, and poor ventilation. [Plaintiff] is limited to occasional exposure to hazardous conditions such as proximity to unprotected heights and moving machinery.

AR 20.

**At step four**, the ALJ found Plaintiff was unable to perform any past relevant work. AR 26.

**At step five**, the ALJ asked the impartial vocational expert whether jobs existed in the national economy for an individual with the Plaintiff's age, education, work experience, and residual functional capacity. The vocational expert testified that, given all these factors, the individual would be able to perform the requirement of representative occupations, such as cashier II; cleaner housekeeping; and assembler production. AR 27. Jobs that exist in significant numbers in the national economy.

As a result, the ALJ found Plaintiff was not under a disability, as defined in the Social Security Act. AR 27.

### STANDARD OF REVIEW

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla,' *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

//

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT^ 5**

The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019. A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

A district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Stout v. Commissioner, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The burden of showing an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## ISSUES FOR REVIEW

(1) Whether the ALJ properly rejected Plaintiff's subjective symptom claims?

(2) Whether the ALJ properly weighed the medical opinion evidence?

(3) Whether the ALJ satisfied its burden at step five of the sequential evaluation process?

## DISCUSSION

**(1) Plaintiff's Subjective Symptom Claims**

Plaintiff argues the ALJ improperly rejected his testimony regarding the severity of his symptoms. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an

underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.' " *Id.* (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). In this analysis, the claimant is not required to show "that [his] impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of that symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). Nor must a claimant produce "objective medical evidence of the pain or fatigue itself, or the severity thereof." *Id.*

If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons to do so." *Id.* at 1281.

On the other hand, if affirmative evidence does show malingering, the ALJ is no longer required to provide clear and convincing reasons for discounting a claimant's testimony. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008). While the ALJ need not make a specific finding of malingering, there must be "affirmative evidence suggesting … malingering." *Id.* at n.1. Malingering is defined as "the intentional production of false or grossly exaggerated physical or psychological symptoms, motivated by external incentives such as avoiding military duty, avoiding work, obtaining financial compensation, evading criminal prosecution, or obtaining drugs." *Mobbs v. Berryhill*, No. 3:17-cv-05374-TLF, 2017 WL 6759321, at *11 n.5 (W.D. Wash. Dec. 29, 2017) (quoting the *American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders* (Text Revision 4th ed. 2000) at 739).

In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. AR 21. However, the ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms not entirely credible. AR 21.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT^ 7**

Before reaching the ALJ's reasons for discounting Plaintiff's testimony, the Court must determine whether the ALJ found affirmative evidence of malingering. If so, the ALJ is not required to provide clear and convincing reasons for discrediting Plaintiff's testimony. *Carmickle*, 533 F.3d at 1160.

**A. The Record Contains Affirmative Evidence to Suggest Malingering.**

The Court finds affirmative evidence suggests Plaintiff's allegations of pain were motivated, at least in part, to obtain drugs. The ALJ noted that, during a hospitalization in 2008 for allegations of abdominal pain, Plaintiff was found in the bathroom with a syringe, spoon, white powder, and a lighter. AR 19, 315.

The ALJ highlighted the severity of Plaintiff's opioid abuse by citing to Dr. James Babington's treatment notes. AR 22. On August 28, 2013, Plaintiff visited his treating physician, Dr. Babington, on claims of abdominal pain. AR 450. During this visit, Dr. Babington asked Plaintiff to provide a urine sample for drug screening analysis. AR 451. Plaintiff deferred to providing a urine sample and did not return to the clinic to actually provide one. *Id*. Dr. Babington noted his concerns about Plaintiff, stating "[Plaintiff's] behavior is quite concerning for more of an addiction problem rather than a chronic pain problem and would be best served being treated by an addiction specialist. I am very concerned about prescribing opioids in this setting given his prior history, his reluctance to provide a urine sample today, and review of the historical records." *Id*.

Additionally, the ALJ noted that Plaintiff was described as "narcotic seeking" during a visit to the emergency department, because there was no objective basis for Plaintiff's pain and all labs and vital signs were normal. AR 23, 934. The ALJ further noted Plaintiff had been discharged from prior practices for methamphetamine abuse, and had been discharged for lack of compliance to care plan after Plaintiff filled an oxycodone prescription that the physician did not write. AR 23, 407, 884.

//

Given the affirmative evidence to suggest malingering, the ALJ was not required to provide clear and convincing reasons for discounting Plaintiff's symptom claims. *Carmickle*, 533 F.3d at 1160.

**B. The ALJ Offered Valid Reasons for Discrediting Plaintiff's Testimony.**

In addition to the evidence noted above, the ALJ also found Plaintiff's testimony not entirely credible for the following reasons: (1) Plaintiff's allegations of abdominal pain are generally unsubstantiated by any significant objective findings; (2) inconsistencies between Plaintiff's testimony and the record; (3) Plaintiff's ability to work at his family's truck-driving school, even on a limited basis, is not consistent with Plaintiff's allegation of disability. AR 22-23.

The ALJ's first reason does not satisfy the clear and convincing standard. An ALJ " 'may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain.' " *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991)). However, as indicated above, the ALJ in this case was not required to provide clear and convincing reasons for discounting Plaintiff's testimony. Thus, the Court will consider this reason, along with the ALJ's other reasons, in light of the lower standard applicable to this case.

The ALJ's second reason satisfies the clear and convincing standard and, therefore, satisfies the lower standard applied in this case. The ALJ noted at least three inconsistencies between Plaintiff's testimony and the record. First, the ALJ found Plaintiff's allegation of severe vomiting condition was not consistent with his record of weight loss and weight gain. AR 23. The ALJ noted that severe vomiting problems would have resulted in severe and sustained weight loss over time. However, the records show Plaintiff gained weight in 2009, and when he did lose weight, he regained it shortly thereafter. AR 386, 595.

Second, the ALJ noted that while Plaintiff claimed he needed to use a cane and that he could not walk far due to deep vein thrombosis, the records show that Plaintiff used a cane for only one week after he had his appendix removed while on vacation in Hawaii. AR 23, 389. The ALJ also found Plaintiff's testimony in this regard unreliable, given Plaintiff's ability to chase someone around a taco stand with a gun. AR 375.

Third, despite Plaintiff's allegations that he had a prescription for sunglasses due to light sensitivity, the ALJ found no evidence of any significant treatment for photophobia. AR 61, 23. Thus, the Court finds the ALJ properly discounted Plaintiff's credibility based on a summary of inconsistencies between Plaintiff's testimony and the record.

The ALJ's third reason also satisfies both the clear and convincing standard and the lower standard applied in this case. "Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014). In this case, Plaintiff testified that he worked at his family's truck-driving school. AR 47. The ALJ noted the fact that Plaintiff could work at his family's truck-driving school, even on a limited basis, is not consistent with Plaintiff's allegation of disability. AR 23. Additionally, Plaintiff testified that he was receiving unemployment benefits in 2009 and 2010, and that he was available and looking for work during that time. AR 46. He testified that he represented to the State that he was able to work. *Id*.

The Court finds the ALJ's reasons for discrediting Plaintiff's credibility are valid and legally sufficient. Accordingly, the Court finds no error.

**(2) Medical Opinion Evidence**

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinion evidence. "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT^ 10**

weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). In the absence of a contrary opinion, a treating physician's opinion may not be rejected unless "clear and convincing" reasons are provided. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is contradicted, it may be discounted only for " 'specific and legitimate reasons' supported by substantial evidence in the record." *Id*. at 830 (quoting *Murray v. Heckler*, 722 F.2s 499, 502 (9th Cir. 1983). The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

In this case, Plaintiff argues the ALJ improperly rejected the opinions of treating physician Dr. Mueller, and reviewing physician Dr. Palasi.

**A. Dr. Mueller**

Dr. Mueller completed a physical functional examination on December 22, 2013. AR 494-86. Dr. Mueller found Plaintiff's pain and nausea resulted in moderate and marked limitations in his ability to engage in all basic work activities. AR 495. Dr. Mueller concluded Plaintiff was limited to sedentary work. AR 496.

The ALJ offered two reasons for giving little weight to Dr. Mueller's December 22, 2013 opinion. First, the ALJ found the opinion was based on Plaintiff's subjective report of abdominal pain, nausea, and vomiting, and not based on objective medical evidence. AR 25. Second, the ALJ found the opinion was not consistent with Dr. Mueller's own clinical findings, which show only tenderness in the abdominal area on examination. *Id*.

The Court finds the ALJ's first reason for discrediting Dr. Mueller's conclusions satisfies the applicable standard. "An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT^ 11**

1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). In this case, Dr. Mueller concluded Plaintiff's ability to engage in basic work activities were "all affected due to pain [and] nausea." AR 495. The ALJ noted Dr. Mueller did not include any objective evidence to support her opinion, which suggested the opinion was based almost exclusively upon Plaintiff's self-reported claims; claims which, for the reasons provided above, were properly discredited by the ALJ. Thus, the ALJ properly discounted Dr. Mueller's opinion on that basis.

The Court finds the ALJ's second reason also satisfies the applicable standard. An ALJ may discredit opinions that are internally inconsistent. *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996); *Tommasetti*, 533 F.3d at 1041 (incongruity between an opinion and treatment records or notes is a specific and legitimate reason to discount an opinion). In this case, Dr. Mueller's treatment notes indicate tenderness in Plaintiff's abdomen. AR 544, 550, 560, 571, 576, 578, 591, 606. The ALJ concluded these findings to be at odds with Dr. Mueller's opinion that Plaintiff is limited to sedentary work due to abdominal pain. AR 496. Thus, the ALJ properly considered Dr. Mueller's December 22, 2013 opinion and discounted it for specific and legitimate reasons supported by substantial evidence in the record.

Dr. Mueller also provided an opinion on September 16, 2015, in which she opined Plaintiff would miss more than four days of work per month due to Plaintiff's symptoms of pain, nausea, and vomiting. AR 883. The ALJ gave limited weight to this opinion for the following reasons: (1) the opinion is based merely on Plaintiff's subjective reports; (2) Dr. Mueller reported she had not seen Plaintiff for more than a year at the date of her opinion; and (3) Dr. Mueller mentioned that Plaintiff had a stroke since she had last seen him which, according to Dr. Mueller, made employment for Plaintiff less feasible. However, there is no

evidence in Plaintiff's medical records that shows Plaintiff suffered a stroke. AR 25-26.

The Court finds the ALJ's first reason satisfies the applicable standard. As indicated above, an ALJ may reject a medical opinion if it is based "to a large extent" on a claimant's self-reported claims that have been properly found not credible. *Tommasetti*, 533 F.3d at 1041. In this case, Dr. Mueller's opined Plaintiff would miss four or more days of work due Plaintiff's alleged symptom claims of pain, nausea and vomiting. AR 883. The ALJ properly found these claims not credible. Thus, the ALJ properly discounted Dr. Mueller's opinion on this basis.

The Court also finds the ALJ's third reason for discrediting Dr. Mueller's report satisfies the applicable standard. An ALJ may discredit a treating physician's opinion if it is not supported by the record as a whole or by objective medical evidence. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). In this case, Dr. Mueller found Plaintiff's ability to work was further limited by the fact that Plaintiff had suffered a stroke since Dr. Mueller last saw him. AR 883. The ALJ found no evidence in Plaintiff's medical records that shows Plaintiff suffered a stroke. Accordingly, the ALJ properly discounted Dr. Mueller's opinion on this basis.

Given the ALJ offered at least two specific and legitimate reason for discrediting Dr. Mueller's September 16, 2015 opinion, the Court declines to address ALJ's remaining reasons. The Court finds the ALJ properly considered Dr. Mueller's opinion and discounted it for specific and legitimate reasons supported by substantial evidence in the record.

**B. Dr. Palasi**

On January 3, 2014, Washington State Department of Social and Health Services contractor, Myrna Palasi, M.D., issued an opinion about Plaintiff's functional limitations. AR 462-64. Dr. Palasi opined Plaintiff was limited to sedentary work, which meant he could lift no more than 10 pounds, frequently lift

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT^ 13**

or carry small articles such as files or small tools, and sit for most of the day, walk or stand for brief periods. AR 463. The ALJ gave limited weight to Dr. Palasi's opinion because it was based on Plaintiff's report of pain and not supported by any specific objective findings.

The Court finds the ALJ's reasons for discrediting Dr. Palasi's opinion satisfies the applicable standard. We begin by noting Dr. Palasi's opinion is not that of a treating or examining physician. An ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). In this case, the ALJ assigned little weight to Dr. Palasi's opinion because it was based on Plaintiff's self-reported symptom claims and not supported by any specific objective findings. As indicated above, the ALJ properly found Plaintiff's subjective symptom claims not credible. While it is unclear how much Dr. Palasi relied on Plaintiff's allegations of abdominal pain in support of her opinion, what is clear is that Dr. Palasi's ultimately diagnosed Plaintiff with nothing specific other than abdominal pain. *See* AR 464. Thus, to the extent Dr. Palasi's opinion on the severity of abdominal pain is based on Plaintiff's self-reported claims, the opinion was properly discredited. *See Batson*, 359 F.3d at 1193 (noting that an ALJ's decision must be upheld if evidence exists to support more than one rational interpretation).

Additionally, the ALJ found Dr. Palasi did not support her opinion with specific objective findings. In reaching her opinion, Dr. Palasi found Plaintiff's reported impairments were supported by medical evidence, including Dr. Mueller's December 22, 2013 opinion. AR 461. However, as indicated above, the ALJ found Dr. Mueller's December 22, 2013 opinion was not consistent with her own clinical findings, which show only tenderness in the abdominal area on examination. AR 544, 550, 560, 571, 576, 578, 591, 606. Thus, absent a specific

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT^ 14**

objective finding, it is unclear how Dr. Mueller's December 22, 2013 opinion or his treatment notes support Dr. Palasi's opinion.

For these reasons, the Court finds the ALJ did not err in discrediting the opinion of reviewing physician Dr. Palasi.

**(3) Step Five of the Sequential Process**

Finally, Plaintiff contends the ALJ erred at step five of the sequential process. At step five, the burden shifts to the Commissioner to prove the claimant is able to perform other work in the national economy, taking into account claimant's age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520(g). To meet this burden, the Commissioner must establish (1) the claimant is capable of performing other work; and (2) such work exists in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

A vocational expert may appropriately testify as to whether employment opportunities exist in significant numbers in the national economy, given the claimant's residual functional capacity, age, education, and work experience. *Magallanes*, 881 F.2d at 756. Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant. *Id*. If a hypothetical does not reflect all the claimant's limitations, it is without evidentiary value to support a finding that the claimant can perform jobs in the national economy. *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991) (citing *Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir. 1988)).

In this case, Plaintiff contends the vocational expert's opinion is without evidentiary value because the hypothetical failed to account for the limitations set forth by Dr. Mueller and Dr. Palasi. In other words, Plaintiff restates his argument that the ALJ improperly discounted medical opinion testimony. As set forth above, the ALJ properly evaluated the opinions of Dr. Mueller and Dr. Palasi. The ALJ thus provided the vocational expert with a hypothetical that contained all the limitations the ALJ found credible and supported by substantial evidence in the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT^ 15**

record. Therefore, the ALJ's reliance on the vocational expert's testimony was proper. *Magallanes*, 881 F.2d at 756-57.

<b>CONCLUSION</b>

Having reviewed the administrative record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free from legal error.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 12, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 15, is **GRANTED**.

3. The decision of the Commissioner is **AFFIRMED**.

4. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and **close the file**.

**DATED** this 16th day of April 2019.

Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT^ 16**